UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN D. MAHONEY,

    Petitioner,

v.

PAT GLEBE,

    Respondent.

Case No. C09-5251 FDB/KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**Noted for: June 12, 2009**

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is a Washington state inmate at the Stafford Creek Corrections Center in Aberdeen, Washington. He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. Dkt. 1. Because Petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the Court deny the application.

**I. DISCUSSION**

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*,

586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the Court to proceed *in forma pauperis*, Petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. Petitioner's application reflects that he earns $55.00 per month. Dkt. 1, p. 1. Petitioner states that he earns $41.00 net, taking into account 20% of his wages that he pays for child support and 5% of his wages that he pays for the cost of his incarceration. *Id*. Even considering these costs and recognizing that the funds to which Petitioner has access may not be great, given the fact that a prisoner's basic needs are provided for while incarcerated and the minimal filing fee required to proceed with this action ($5.00), it is not unreasonable to expect Petitioner to pay that fee from those funds.

## II. CONCLUSION

Because it is reasonable to expect Petitioner to incur the costs to proceed with his petition, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the Court order Petitioner to pay the required filing fee **within thirty (30) days** of the Court's order and to amend his petition to properly name the person having custody over him.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **June 12, 2009**, as noted in the caption.

Dated this 19th day of May, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2