UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN D. MAHONEY,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>PAT GLEBE,<br><br>　　　　　　　　　Respondent. | No. C09-5251 FDB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION DENYING WRIT OF HABEAS CORPUS AND DISMISSING PETITION WITH PREJUDICE |

　　　This matter comes before the Court on the Report and Recommendation of the Magistrate Judge that Petitioner's request for habeas corpus relief be denied and the petition be dismissed with prejudice.

　　　As detailed by the Magistrate Judge, Petitioner failed to exhaust his second claim (trial court's interference with his right to counsel) and fourth claim (denial of right to present insanity defense). Further, Petitioner cannot show cause and actual prejudice to overcome the procedural default. Accordingly, Petitioner's second and fourth claims are procedurally barred.

　　　The first claim asserts that Petitioner was entitled to counsel at his mental health evaluation pursuant to RCW 10.77.020(3)[1] and that the trial court denied his right to counsel at

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

the evaluation. Despite Petitioner's statements to the contrary, the evidence indicates that Petitioner was informed of his right to have counsel present at his mental health evaluation and he waived the right. More critically, there is no federal right to have counsel present at a psychological evaluation, regardless of a provision therefor under state law. Because the state court's dismissal of Petitioner's first claim was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, the first claim for habeas relief is denied.

Petitioner's third claim for federal habeas relief is that he was not competent to stand trial. As detailed by the Magistrate Judge, Petitioner presents no facts to create a real and substantial doubt as to his competency other than the conclusory statement that his crime was truly an insane act. The evidence reflects that the trial judge did not deprive Mr. Mahoney of a competency hearing, but that after hearing evidence on the subject, concluded that he was competent to stand trial. The trial judge did not violate Mr. Mahoney's due process right to a fair trial by failing to employ procedures adequate to protect against the trial of an incompetent defendant. Because the state court's dismissal of Petitioner's first claim was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, the third claim for habeas relief is denied.

The Court, having reviewed the petition for writ of habeas corpus, the response, the Report and Recommendation of Magistrate Judge Karen L. Strombom, , and the remaining record, does hereby find and ORDER:

    (1)    The Court adopts the Report and Recommendation;

    (2)    Petitioner's writ of habeas corpus [Dkt. 5] is **DENIED** and this action is **DISMISSED WITH PREJUDICE**; and

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

(3) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent and to the Hon. Karen L. Strombom.

DATED this 4th day of January, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION - 3